UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NEUROGRAFIX, a California corporation;
NEUROGRAPHY INSTITUTE MEDICAL
ASSOCIATES, INC., a California
corporation; and IMAGE-BASED
SURGICENTER CORPORATION, a
California corporation,

Plaintiffs,

vs.

Civil Action No.

PHILIPS ELECTRONICS NORTH
AMERICA CORPORATION d/b/a
PHILIPS MEDICAL SYSTEMS NORTH
AMERICA, a Delaware corporation;
INVIVO CORPORATION, a Delaware
corporation; PHILIPS MEDICAL
SYSTEMS NEDERLAND, B.V., a Dutch
Corporation; KONINKLIJKE PHILIPS
ELECTRONICS N.V., a Dutch corporation
and PHILIPS HEALTHCARE
INFORMATICS, INC., a Delaware
corporation,

Defendants.

**COMPLAINT FOR PATENT
INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiffs NeuroGrafix, Neurography Institute Medical Associates, Inc. ("NIMA"), and

Image-Based Surgicenter Corporation ("IBSC") (collectively, "Plaintiffs") allege as follows:

1.      This case is an action for patent infringement of United States Patent No.

5,560,360 (the "'360 Patent") under the Patent Laws of the United States, as set forth in 35

U.S.C. §§271 and 280 through 285.

**PARTIES**

2.      Plaintiff NeuroGrafix is a California corporation with its principal place of

business located at 2716 Ocean Park Boulevard, Suite 3075, Santa Monica, California.

3.      Plaintiff Neurography Institute Medical Associates, Inc. ("NIMA") is a California corporation with its principal place of business in Santa Monica, California.

4.      Plaintiff Image-Based Surgicenter Corporation ("IBSC") is a California corporation with its principal place of business in Santa Monica, California.

5.      On information and belief, defendant Philips Electronics North America Corporation d/b/a Philips Medical Systems North America ("Philips NA") is a Delaware corporation with its principal place of business located at 3000 Minuteman Road, Andover, Massachusetts 01810.

6.      On information and belief, defendant Invivo Corporation ("Invivo") is a Delaware corporation with its principal place of business at 3545 SW 47th Avenue, Gainesville, Florida 32608, and which operates nationwide, including in this District.

7.      On information and belief, defendant Philips Medical Systems Nederland B.V. ("Philips Medical") is a Dutch corporation with its principal place of business at Building QV-282, P.O. Box 10000, 5680 DA Best, The Netherlands, and which markets and promotes its products in the United States, including in this District.

8.      On information and belief, defendant Koninklijke Philips Electronics N.V. ("Royal Philips") is a Netherlands company with its principal place of business at Breitner Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands, and which markets and promotes its products in the United States, including in this District.

9.      On information and belief, defendant Philips Healthcare Informatics, Inc. ("Philips Healthcare") is a Delaware corporation with its principal place of business at 3000 Minuteman Road, Andover, Massachusetts 01810.  Philips Healthcare has appointed Corporation

Service Company, 84 State Street, Boston, Massachusetts 02109, as its agent for service of process.

10.     Philips NA, Invivo, Royal Philips and Philips Healthcare are collectively referred to as "Defendants."

## JURISDICTION AND VENUE

11.     This Court has federal subject matter jurisdiction over this action under 28 U.S.C. §§1331, 1332(a)(1), 1332(c)(1) and 1338(a).

12.     Venue is proper in this Court pursuant to 28 U.S.C. §§1391(a), 1391(c), and 1400(b), including without limitation because Defendants are advertising, marketing, using, selling, and/or offering to sell products in this Judicial District.

## BACKGROUND

13.     The University of Washington, a public institution of higher education in the state of Washington, is the owner by assignment of the '360 Patent entitled "Image Neurography and Diffusion Anisotropy Imaging."  The '360 Patent issued on October 1, 1999.  A true and correct copy of the '360 Patent is attached as Exhibit A.

14.     Aaron G. Filler, Jay S. Tsurda, Todd L. Richards, and Franklyn A. Howe are listed as the inventors of the '360 Patent.

15.     Washington Research Foundation ("WRF") holds substantially all rights in the '360 Patent and has exclusively licensed substantially all rights in the '360 Patent to NeuroGrafix in December of 1998.

16.     NeuroGrafix, NIMA and IBSC have been investing in and practicing the technology disclosed in the '360 Patent since at least 2000.

17.     In 2004, Defendants collaborated with Dr. Filler (and a related DBA, Institute for Nerve Medicine Medical Associates Inc. ("INM")) on a video advertisement touting Plaintiffs' technology as the "absolute cutting edge" for the diagnosis and treatment of nerve conditions. The advertisement explained that "INM applies advanced technology found nowhere else in the world to successfully diagnose and treat spinal and nerve problems.  The key to INM's success is their revolutionary use of MRI neurography . . . pioneered by Dr. Aaron Filler."  The advertisement promoted Plaintiffs' use of Philips equipment to perform methods claimed in the '360 Patent – "with Philips Medical Systems panorama IT Open MR Technology [Dr. Filler] can actually view the anatomy in real time while performing surgical procedures."

18.     That same year, NeuroGrafix shared its business plan with Philips NA.  Among other things, NeuroGrafix's business plan discloses the '360 Patent and how NeuroGrafix practices the '360 patent.

19.     In addition, Defendants have been aware of the '360 Patent because the '360 Patent was cited during the prosecution of Defendants' patents, including United States Patent No. 6,642,716 (the "'716 Patent"), United States Patent No. 6,724,190 (the "'190 Patent") and United States Patent No. 6,806,705 (the "'705 Patent").  In fact, the '360 Patent was a key reference used by the examiners in an Office Action sent in 2003 by the examiners of the applications that became the '705 and '190 Patents.  The responses to these Office Actions contain considerable analysis of the '360 Patent.

## COUNT I
## PATENT INFRINGEMENT

20.     Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 19 above, inclusive, as if fully repeated and restated herein.

21.     Defendants have been and still are directly (literally and under the doctrine of equivalents) infringing at least claims 1, 36, 51 and 54 of the '360 Patent by making, using, selling, offering to sell, or importing, without license or authority, products and services, including without limitation, the performance of and provision of equipment and methods for peripheral nerve MR Neurography, DTI and diffusion anisotropy based tractography.  Such products include the Philips Achieva 3.0T, Philips Achieva 1.5T, Philips Intera 1.5T, Philips Intera 3.0T and Philips Eclipse 1.5T and related workstations and software, such as Fibertrak, PRIDE and InVivo software. Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(a).

22.     Defendants have also been and still are indirectly infringing, by way of inducing infringement by others of the '360 Patent, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, products and services, including without limitation, the performance of and provision of equipment and methods for peripheral nerve MR Neurography, DIT and diffusion anisotropy based tractography that induce others to infringe at least claims 1, 36, 51 and 54 of the '360 Patent.  Such products include the Philips Achieva 3.0T, Philips Achieva 1.5T, Philips Intera 1.5T, Philips Intera 3.0T and Philips Eclipse 1.5T and related workstations and software, such as Fibertrak, PRIDE and InVivo software. These products are used in infringing products and services made, used, imported, offered for sale, and/or sold by direct infringers of the '360 Patent in the United States, such as hospitals, radiologists and others.  Defendants induce their customers to directly infringe by inducing or encouraging the use of their products and software to perform MR Neurography, DIT and diffusion anisotropy based tractography.  *See, e.g.,*

http://incenter.medical.philips.com/Default.aspx?tabid=3655 (offering training courses in performing DTI).  Since at least 2003, and likely earlier, Defendants have had knowledge of the '360 Patent and, by continuing the actions described above, have had the specific intent to, or should have known that their actions would, induce infringement of the '360 Patent.  Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(b).

23.     Defendants have also been and still are indirectly infringing, by way of contributing to the infringement by others of the '360 Patent, by, among other things, making, using, importing, offering for sale, and/or selling, without license or authority, software for use in systems that thereby fall within the scope of at least claims 1, 36, 51 and 54 of the '360 Patent. Such products include the Philips Achieva 3.0T, Philips Achieva 1.5T, Philips Intera 1.5T, Philips Intera 3.0T and Philips Eclipse 1.5T and related workstations and software, such as Fibertrak, PRIDE and InVivo software.  These products are used in infringing products and services made, used, imported, offered for sale, and/or sold by direct infringers of the '360 Patent in the United States, such as hospitals, radiologists and others.  Defendants induce their customers to directly infringe by inducing or encouraging the use of their products and software to perform MR Neurography, DIT and diffusion anisotropy based tractography.  *See, e.g.*, http://incenter.medical.philips.com/Default.aspx?tabid=3655 (offering training courses in performing DTI).  Defendants' accused products and software, are a material part of the invention, and are especially made or especially adapted for use in the infringement of '360 Patent and are not a staple article or commodity of commerce suitable for substantial noninfringing uses.  Since at least 2003, and likely earlier, Defendants have had knowledge of

the '360 Patent and have had the specific knowledge that the combination of its software and computer systems described above infringe the '360 Patent.  Thus, by making, using, importing, offering for sale, and/or selling such products and software, Defendants have injured Plaintiffs and are thus liable to Plaintiffs for infringement of the '360 Patent under 35 U.S.C. § 271(c).

24.     As a result of Defendants' continuing use of the claimed invention after receiving notice of the '360 Patent, Defendants are willfully infringing the '360 Patent.

25.     As a result of Defendants' infringement of the '360 Patent, Plaintiffs have suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

26.     Defendants' wrongful acts have damaged and will continue to damage Plaintiffs irreparably, and Plaintiffs have no adequate remedy at law for those wrongs and injuries.  In addition to their actual damages, Plaintiffs are entitled to a preliminary and permanent injunction restraining and enjoining Defendants and their agents, servants and employees, and all persons acting thereunder, in concert with, or on their behalf, from infringing the '360 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter:

1.     A judgment in favor of Plaintiffs that Defendants have infringed, directly and/or indirectly, by way of inducing and/or contributing to the infringement of the '360 Patent;

2.     An injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing, inducing the infringement of, or contributing to the infringement of the '360 Patent;

3.      A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '360 Patent as provided under 35 U.S.C. § 284;

4.      An award to Plaintiffs for enhanced damages, as provided under 35 U.S.C. § 284, resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct;

5.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees; and

6.      Any and all other relief to which Plaintiffs may show themselves to be entitled.

## JURY TRIAL DEMANDED

Plaintiffs hereby demand a trial by jury of all issues so triable.

Dated:  June 15, 2012                    Respectfully submitted,

PLAINTIFFS NEUROGRAFIX, NEUROGRAPHY
INSTITUTE MEDICAL ASSOCIATES, INC., and
IMAGE-BASED SURGICENTER CORPORATION
By their attorneys,

/s/ David S. Godkin
David S. Godkin (BBO#196530)
Anne Marie Longobucco (BBO#649299)
Birnbaum & Godkin, LLP
280 Summer Street
Boston, MA  02210
617-307-6100
godkin@birnbaumgodkin.com
longobucco@birnbaumgodkin.com