**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| NEUROGRAFIX, a California corporation; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC., a California corporation; and IMAGE-BASED SURGICENTER CORPORATION, a California corporation, <br><br>       Plaintiffs, <br><br>     v. <br><br> PHILIPS ELECTRONICS NORTH AMERICA CORPORATION d/b/a PHILIPS MEDICAL SYSTEMS NORTH AMERICA, a Delaware Corporation; INVIVO CORPORATION, a Delaware corporation; PHILIPS MEDICAL SYSTEMS NEDERLAND B.V., a Dutch corporation; KONINKLIJKE PHILIPS ELECTRONICS N.V., a Dutch corporation; and PHILIPS HEALTHCARE INFORMATICS, INC., a Delaware corporation, <br><br>       Defendants. | Civil Action No. 1:12-cv-11065-RGS |

**DEFENDANTS' MOTION TO TRANSFER VENUE**

703057423

## <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ..................................................................................................................... 2

    I.     The Parties ................................................................................................................. 2

    II.    Related Litigation of the '360 Patent in the Central District of California............ 4

         A.    Previous Litigation of the '360 Patent in the Central District of
              California ............................................................................................. 4

         B.    Current Litigation of the '360 Patent in the Central District of
              California ............................................................................................. 5

    III.   Plaintiffs Shop for Another Judge......................................................................... 7

ARGUMENT .......................................................................................................................... 7

    I.     The Central District of California is a Court in Which This Action Could
        Have Been Brought................................................................................................ 8

    II.    This Case Should Be Transferred for Convenience of the Parties and in the
        Interest of Justice. ................................................................................................. 9

         A.    Plaintiffs' Choice of Forum is Not Entitled to Deference ......................... 9

         B.    Judicial Economy is Served by Transferring this Patent Action to
              California ........................................................................................... 10

         C.    Convenience Factors do not Favor Maintaining this Action in
              Massachusetts ..................................................................................... 12

CONCLUSION...................................................................................................................... 13

703057423

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Astro-Med, Inc. v. Nihon Kohden Am., Inc.,*
    591 F.3d 1 (1st Cir. 2009) ........................................................................7

*Body Sci. LLC v. Boston Scientific Corp.,*
    No. 11 C 03619, 2012 WL 718495 (N.D. Ill. Mar. 6, 2012) ...............................9, 12

*Broadcom Corp. v. Agere Sys., Inc.,*
    No. 03-02197, 2003 WL 21982473 (N.D. Cal. Aug. 8, 2003) ..............................10

*C2 Communications Technologies, Inc. v. Paetec Corp.,*
    No. CIV-09-314-FHS, 2009 WL 5204266 (E.D. Okla. Dec. 22, 2009) ...................11

*Catch Curve, Inc., v. Venali, Inc.,*
    No. CV 05-04820, 2006 U.S. Dist. LEXIS 96379 (C.D. Cal. Feb. 27, 2006) ..........10

*Coady v. Ashcraft & Gerel,*
    223 F.3d 1 (1st Cir. 2000) ......................................................................7, 8

*ColorQuick, LLC v. Vistaprint Ltd.,*
    No. 6:09-cv-323, 2010 WL 5136050 (E.D. Tex., Jul. 22, 2010) (E.D. Tex., 2010) ...............10

*Cont'l Grain Co. v. The FBL–585,*
    364 U.S. 19 (1960) ...............................................................................10

*Hoffman v. Blaski,*
    363 U.S. 335 (1960) ...............................................................................8

*Holmes Group, Inc. v. Hamilton Beach/Proctor Silex Inc.,*
    249 F. Supp. 2d 12 (D. Mass. 2002) ........................................................8, 12

*In re TS Tech U.S. Corp.,*
    551 F.3d 1315 (Fed. Cir. 2008)..................................................................7

*In re Volkswagen of Am., Inc.,*
    566 F.3d 1349 (Fed. Cir. 2009).................................................................11

*In re Zimmer Holdings, Inc.,*
    609 F.3d 1378 (Fed. Cir. 2010).................................................................11

*Invitrogen Corp. v. Gen. Elec. Co.,*
    No. 6:08-CV-112, 2009 WL 331891 (E.D. Tex. Feb. 9, 2009)...........................6, 11

# TABLE OF CONTENTS
## (continued)

**Page**

*Island Oasis Frozen Cocktail Co., Inc. v. Coffee King, Inc.*,
No. 10-11201-RGS, 2010 WL 3749402 (D. Mass. Sept. 24, 2010) ....................................7, 8

*J2 Global Commc'ns Inc. v. Proctus IP Solutions, Inc.*,
No. 6:08-cv-211, 2009 WL 440525 (E.D. Tex. Feb. 20, 2009) ................................................11

*Jackson v. Intel Corp.*,
No. 2:08-cv-154, 2009 WL 749305 (E.D. Tex. Mar. 19, 2009) ..............................................10

*Johnston and Ramsey v. IVAX Corp.*,
No. 86-1884-MA, 1987 U.S. DIST. LEXIS 1277 (D. Mass. Feb. 10, 1987) ...........................8

*Kleinerman v. Luxtron Corp.*,
107 F. Supp. 2d 122 (D. Mass. 2000) ...........................................................................8, 10, 12

*LG Electronics Inc., v. Advance Creative Computer Corp.*,
131 F. Supp. 2d 804 (E.D. Va. 2001) ............................................................................10, 11

*Medtronic Ave, Inc. v. Cordis Corp.*,
No. 2:02-cv-073, 2003 U.S. Dist. LEXIS 26956 (E.D. Tex. Mar. 19, 2003) ..........................10

*Morson v. Kreindler & Kreindler, LLP*,
No. 09-10199-RGS, 2009 WL 2032395 (D. Mass. Jul. 10, 2009) ...........................................8

*Renzetti, Inc. v. D.H. Thompson, Inc.*,
No. 96-CV-8520, 1997 U.S. DIST. LEXIS 6121 (E.D. Pa. May 1, 1997) ................................9

*Ricoh Co. v. Honeywell, Inc.*,
817 F. Supp. 473 (D.N.J. 1993) ...............................................................................................9

*S.C. Johnson & Son, Inc. v. Gillette Co.*,
571 F. Supp. 1185 (N.D. Ill. 1983) ..........................................................................................9

*Saint-Gobain Clamar, Inc. v. Nat'l Products Corp.*,
230 F. Supp. 2d 655 (E.D. Pa. 2002) .......................................................................................9

*Telecordia Techs., Inc. v. Tellabs, Inc.*,
No. 09-2089, 2009 WL 5064787 (D.N.J. Dec. 16, 2009)......................................................10

*TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.*,
No. CV-09-01531, 2011 U.S. Dist. LEXIS 38200 (D. Ariz., Mar. 29, 2011) ........................10

*U.S. Ethernet Innovations, LLC. v. Acer, Inc.*,
No. 6:09-cv-448-JDL, 2010 WL 2771842 (E.D. Tex. Jul. 13, 2010)................................10, 11

703057423

# TABLE OF CONTENTS
## (continued)

**Page**

*Van Dusen v. Barrack,*
   376 U.S. 612 (1964) ................................................................................................10

*Zoltar Satellite Sys., Inc. v. LG Elec.,*
   402 F. Supp. 2d 731 (E.D. Tex. 2005) ..........................................................10, 11

**STATUTES**

28 U.S.C. §1400(b) ..................................................................................................8, 9

28 U.S.C. §1404(a) ............................................................................................7, 10, 12

Title 35 of the United States Code ................................................................................8

## PRELIMINARY STATEMENT

This case should be transferred to the United States District Court for the Central District of California ("CDCA").  The Plaintiffs and the lead inventor on the patent reside there, and Plaintiffs brought prior litigation there accusing the ***very same Philips products*** of infringing the ***very same patent***.

Beginning in 2008, when Plaintiffs brought the first of three cases in their home court, the CDCA, that jurisdiction was Plaintiffs' preferred forum for enforcing the patent‑at‑issue. However, following a series of rulings in the CDCA, Plaintiffs have launched a nationwide campaign of forum shopping to avoid the CDCA, bringing a flurry of actions in other jurisdictions around the country.[1]

The CDCA has conducted two separate Markman hearings on the patent in suit and has issued two claim construction orders.  Three cases involving the patent‑at‑issue have been before Judge Mary Ann Pfaelzer, who recently commented on the time she had invested in learning the technology and the patent‑at‑issue:

> Well, I should say to you, we have done a tremendous amount of work…you're talking to a Court that has already put an enormous number of hours into the examination of the validity of this patent.

*NeuroGrafix, et al. v. The Regents of the Univ. of Cal.,* Case No. 2:11-cv-07591-MRP-RZ Dkt. #46, 17:3-10.[2]

---

[1]    *See Neurografix et al. v. United States,* Case No. 12-385-MMS (D.D.C. June 15, 2012); *Neurografix et al. v. Trustees of Tufts College et al.,* Case No. 12-11277 (D. Mass. Jul. 11, 2012); *Neurografix et al. v. Boston University, et al.,* Case No. 12-11276 (D. Mass. Jul. 11, 2012); *Neurografix et al. v. Brigham and Women's Hospital, Inc. et al.,* Case No. 12-11275 (D. Mass. Jul. 11, 2012); *Neurografix et al. v. Beth Israel Deconess Medical Center, Inc, et al.,* Case No. 12-11274 (D. Mass.  Jul. 11, 2012); *Neurografix et al. v. The Johns Hopkins University et al.,* Case No. 12-2181 (D.C. Md. Jul. 23, 2012); *Neurografix et al. v. University of Chicago Medical Center et al.,* Case No. 12-6068 (N.D. Ill. Aug. 1, 2012); *Neurografix et al. v. Brainlab, Inc. et al.,* Case No. 12-6075 (N.D. Ill. Aug. 1, 2012).

[2]    *NeuroGrafix, et al. v. The Regents of the Univ. of Cal.,* Case No. 2:11-cv-07591-MRP-RZ Docket (*Regents* Dkt.") attached as Exhibit D to the Declaration of Michael A. Molano In Support of Defendants' Motion to Transfer Venue ("Molano Decl.") filed concurrently herewith.

1

This action should be transferred pursuant to 28 U.S.C. §1404(a) to the CDCA, which has made an enormous investment of judicial resources in Plaintiffs and their patent.  If the case is not transferred, Plaintiffs will have succeeded in hitting the "reset" button on four years of litigation, while requiring this Court to construe patent claims Judge Pfaelzer has already construed twice.

Massachusetts is not a convenient forum.  The two Massachusetts-based Philips entities Plaintiffs have sued have little or no involvement in the research, development, manufacturing, or sales of the accused products.  Massachusetts is not Plaintiffs' home state, and the events central to the lawsuit did not occur here.  For these reasons, Defendants respectfully move to transfer this action to the CDCA.  The requested transfer would conserve judicial resources and would promote the convenience of the parties and witnesses and the interest of justice.

## BACKGROUND

### I.      The Parties

Plaintiffs NeuroGrafix, Neurography Institute Medical Associates, Inc., and Image-Based Surgicenter Corporation are all California corporations with principal places of business in Santa Monica, California, a city within the CDCA.  Dkt. #1 ¶¶2-4.

Plaintiffs named five Defendants, with only two located within this district.  Defendant Koninklijke Philips Electronics N.V. ("Royal Philips") is a Dutch corporation with its principal place of business in the Netherlands.  Ammerlaan Decl. ¶4.[3]  Defendant Philips Medical Systems Nederland B.V. ("Philips Medical") is also a Dutch corporation with its principal place of business in the Netherlands.  *Id*. at ¶5.  Philips Medical is an indirect subsidiary of Royal Philips. *Id.*  Defendant Invivo Corporation ("Invivo") is a Delaware corporation with its principal place

---

[3]      Declaration of Leonardus Antonius Gerardus Ammerlaan In Support of Defendants' Motion to Transfer Venue filed concurrently herewith.

of business located in Gainesville, Florida. *Id.* at ¶7. Defendants Philips Electronics North America Corporation ("PENAC") and Philips Healthcare Informatics, Inc. ("Philips Healthcare"), the only named Massachusetts entities, are subsidiaries of Philips Holding USA Inc. which is a subsidiary of Royal Philips. Ammerlaan Decl. ¶6. PENAC and Philips Healthcare are Delaware corporations with their principal places of business in Andover, Massachusetts. *Id.*

The accused products, to the extent they exist, are Philips magnetic resonance imaging ("MRI") systems researched, developed, manufactured, and sold by the Philips MRI Unit—a business unit in Best, the Netherlands. *Id.* at ¶¶9-10. Limited research and development is also conducted in Cleveland, Ohio; Latham, New York; Pewaukee, Wisconsin; Gainesville, Florida; and in China. *Id.* at ¶10. However, no research and development of MRI systems is conducted in Massachusetts. *Id.* The magnets in each MRI system are manufactured in Latham, New York. *Id.* at ¶11. When the magnets are completed, they are shipped to Philips' central manufacturing location in Best, the Netherlands,[4] where the final system assembly build is completed. *Id.* The MRI systems are then shipped directly to the customer. *Id.* No MRI manufacturing is performed in Massachusetts. *Id.* Once a system is approved for commercial release, it is sold through Philips' Global Sales and Service Organization, which is headquartered in Bothell, Washington. *Id.* at ¶12.

No research, development, or manufacturing of Philips' MRI systems is completed in Massachusetts. *Id.* at ¶13. While portions of the Philips MRI Unit report to their ultimate parent, Royal Philips, through Massachusetts entities, the only portion of the unit located in Massachusetts is a small administrative staff. *Id.*

---

[4]    Limited assembly is completed in Latham, New York and at the customer site. Philips also assembles MRI systems in other locations outside of the United States.

Case 1:12-cv-11065-RGS   Document 19   Filed 08/31/12   Page 9 of 20

## II.      Related Litigation of the '360 Patent in the Central District of California

Plaintiffs have brought three suits alleging infringement of United States Patent No. 5,560,360 (the "'360 patent") in the CDCA.  The listed inventor, Dr. Aaron G. Filler is employed in Santa Monica, California, a city within the CDCA.  *NeuroGrafix et al. v. Siemens Medical Solutions USA, Inc. et al.* Case No. 2:10-cv-01990-MRP-RZ  Docket #46, 29:4.[5]

The '360 patent is a medical imaging patent relating to neural imaging using magnetic resonance.  Dkt. #1, Ex. A: '360 Patent at col. 1 II. 20-23.  MRI systems expose the subject's tissue to magnetic and electromagnetic fields, causing the atomic nuclei of the tissues to respond. *Id.* at col. 2 II. 5-9.  The imaging device captures these responses and generates an image.  *Id.* The '360 patent is a method of collecting a data set of signal intensities tied to special coordinates that describe the position of nerves.  *Id.* at col. 6:27-30.  The allegedly novel imaging technology claimed in the '360 patent encompasses practical applications including magnetic resonance neurography, diffusion weighted neurography, and diffusion tensor imaging.  *Siemens* Dkt. #1 ¶20.  Each can be used to diagnose neurological conditions.  *Id.*

### A.      Previous Litigation of the '360 Patent in the Central District of California

On March 18, 2010, NeuroGrafix and the other plaintiffs now before this Court filed a complaint for infringement of the '360 patent against Siemens Medical Solutions USA, Inc. (the "Siemens" action) in the CDCA.  *Siemens* Dkt. #1.  The case was transferred to Judge Pfaelzer, who presided over the action for over a year and a half, until it was resolved by agreement of the parties.  *Siemens* Dkt. #8, 173.

During the Siemens case, Judge Pfaelzer reviewed briefing and heard oral argument regarding at least 23 of the '360 patent's 66 claims.  *Siemens* Dkt. #114.  She held a Markman

---

[5]      *NeuroGrafix et al. v. Siemens Medical Solutions USA, Inc. et al.* Case No. 2:10-cv-01990-MRP-RZ Docket ("*Siemens* Dkt.") attached to the Molano Decl. as Exhibit A.

703057423

hearing[6] and issued a detailed claim construction order on May 5, 2011.[7] *Id.* The Court also heard summary judgment arguments as to the invalidity of numerous claims of the '360 patent, although the case terminated before Judge Pfaelzer issued a ruling.[8] *Siemens* Dkt. #119, 169, 173.

Neurografix also sued Oak Tree Medical Corporation for alleged infringement of the '360 patent in the CDCA. *NeuroGrafix, et al. v. Oak Tree Medical Corporation et. al.,* Case No. 2:08-cv-02923-CAS-JTL.[9] The case was dismissed pursuant to settlement on June 20, 2009. *Oak Tree* Dkt. #75, 80.

### B.   Current Litigation of the '360 Patent in the Central District of California

Plaintiffs filed their most recent suit, again alleging infringement of the '360 patent, in the CDCA on September 14, 2011. *NeuroGrafix, et al. v. The Regents of the University of California,* Case No. 2:11-cv-07591-MRP-RZ; Dkt. #1 (the "Regents" action). ***The very same products accused in the suit now before this Court are also at issue in the Regents action.*** *Compare Regents* Dkt. #112-4, at 2, *with* Dkt. #1 ¶21. Because the Siemens action alleged infringement of the same patent as the Regents action, the CDCA designated the actions as related and transferred the case to Judge Pfaelzer. *Regents* Dkt. #6, 9. Every claim to be construed in the Regents action was also at issue in *Siemens.*

Over the course of the Regents action, Judge Pfaelzer has emphasized the substantial investment of time and effort she has spent adjudicating the '360 patent. In a February 28, 2012 case management conference, she encouraged the parties not to disregard the constructions she

---

[6]    A second Markman hearing was held on May 31, 2012 in *NeuroGrafix, et al. v. The Regents of the University of California* as discussed below. Case No. 2:11-cv-07591-MRP-RZ; Dkt. #86

[7]    Judge Pfaelzer construed claims 36, 39, 46, 49, 54(c), 55(c)(i), 55(c)(2), 58, 61, and 64. *Siemens* Dkt. #114.

[8]    On July 15, 2011, Defendants filed a motion for summary judgment as to the invalidity of claims 3-5, 36, 37, 39-44, 46-47, 49, 50, 55, 56, 58, 59, 61, and 62. *Siemens* Dkt. #119, 169.

[9]    *NeuroGrafix, et al. v. Oak Tree Medical Corporation et. al.,* Case No. 2:08-cv-02923-CAS-JTL Docket attached to the Molano Decl. as Exhibit B.

had already reached: "Well, you're going to have to say…that they've already been construed…[b]ecause we are talking about a lot of work…[a]nd I can't -- I can't be going over things unless I know that you've got another -- that you have an argument about them." *Regents* Dkt. #46, 6:15-23; #44.   Judge Pfaelzer again emphasized, "[b]ecause the claim construction order was so long and because so much work was dedicated to it, you've got to indicate -- you've got to cross-reference to this order the *Siemens* order." *Regents* Dkt. #46, 9:8-12. Finally, the court stated, "[w]ell, I should say to you, we have done an enormous amount of work. I have read the file history.  I want you to bear that in mind when you're making your claims of invalidity.  And to the extent that you can do so, you're going to have to boil this down because you're talking to a Court that has already put an enormous number of hours into the examination of the validity of the patent." *Regents* Dkt. #46, 17:3-10.

On June 13, 2012, Judge Pfaelzer issued a Markman Order in the Regents case, construing at least 6 claims in addition to those she had previously construed in the Siemens case.[10] *Regents* Dkt. #90.  A summary judgment motion of non-infringement and invalidity is currently pending before the CDCA, and summary judgment arguments are scheduled for the week of December 17, 2012. *Regents* Dkt. #104, 109.  Further, substantial discovery relevant to any litigation of the '360 patent is already in progress. *See Regents* Dkt. #104.  Significantly, Philips was subpoenaed for documents in the Regents action on July 17, 2012.  Molano Decl. ¶8. The '360 patent is also at issue in *Gen. Elec. Co. v. NeuroGrafix, et al*, 2:12-cv-04586-MRP-RZ.[11]  General Electric filed an intervenor complaint for declaratory judgment which is also assigned to Judge Pfaelzer. *Gen. Elec.* Dkt. #1.  The complaint is related to the *Regents* action.

---

[10]      Judge Pfaelzer construed claims 36(e), 39, 46, 49, 51(a)(b)(d), and 54(a)(b) on June 13, 2012. *Regents* Dkt. # 90.

[11]      *Gen. Elec. Co. v. NeuroGrafix, et al, 2:12-cv-04586-MRP-RZ* ("*General Elec.* Dkt.") attached to the Molano Decl. as Exhibit F.

*Id.*  This complaint seeks declaratory judgment that General Electric's MRI systems do not infringe on any claim of the '360 patent.  *Id.* at 3:25-28.  Additionally, the complaint seeks a declaration of invalidity of the entire '360 patent.

### III.   Plaintiffs Shop for Another Judge.

Plaintiffs brought this action on June 15, 2012 (the "Massachusetts" action).  *Neurografix et al. v. Philips Electronics North Am. Corp. et al.,* Case No. 2:12-cv-11065-RGS.  Like their complaint against Siemens, Plaintiffs' complaint against Philips alleges infringement of all claims of the '360 patent, including every claim already construed by the CDCA and all claims as to which the CDCA has already heard summary judgment argument.  Dkt. #1 ¶¶20-23; *Regents* Dkt. #46, 5:4-7; *Siemens* Dkt. #1, #169.  This litigation will require this Court to revisit ***every claim construction and invalidity argument already evaluated by the CDCA in the Siemens and Regents actions***.  Any discovery will be duplicative between the actions, as the accused products here are a subset of those accused in the Regents action, the Plaintiffs are the same, the patent in suit is the same, and Defendants have already produced documents in response to plaintiffs' subpoena to Philips in the Regents action.

### ARGUMENT

Under 28 U.S.C. §1404(a), "a district court may transfer any civil action to any other district … where it might have been brought" "for the convenience of parties and witnesses, in the interest of justice."  *Id.*; *see Coady v. Ashcraft & Gerel,* 223 F.3d 1, 11 (1st Cir. 2000).[12] Section 1404(a) gives the district court discretion to decide motions to transfer based on an "individualized, case-by-case consideration of convenience and fairness." *Astro-Med, Inc. v. Nihon Kohden Am., Inc.,* 591 F.3d 1, 12 (1st Cir. 2009); *Island Oasis Frozen Cocktail Co., Inc.*

---

[12]   Although appeals in patent disputes are to the Federal Circuit, because transfer of venue does not involve substantive patent law, "the laws of the regional circuit in which the district court sits" govern.  *In re TS Tech U.S. Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008).

703057423

*v. Coffee King, Inc.,* No. 10-11201-RGS, 2010 WL 3749402 at *2 (D. Mass. Sept. 24, 2010). This consideration involves weighing "(1) the plaintiff's choice of forum, (2) the relative convenience of the parties, (3) the convenience of the witnesses and location of documents, (4) any connection between the forum and the issues, (5) the law to be applied and (6) the state or public interests at stake." *Holmes Group, Inc. v. Hamilton Beach/Proctor Silex Inc.*, 249 F. Supp. 2d 12, 17 (D. Mass. 2002). The state or public interests at stake include considerations of judicial economy. *Id.; see also Kleinerman v. Luxtron Corp.,* 107 F. Supp. 2d 122, 126 (D. Mass. 2000); *Morson v. Kreindler & Kreindler, LLP,* No. 09-10199-RGS, 2009 WL 2032395 at *2 (D. Mass. Jul. 10, 2009). The burden of proof rests with the party seeking transfer. *See Coady*, 223 F.3d at 11 citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947); *Island Oasis Frozen Cocktail Co., Inc.* 2010 WL 3749402 at *2.

## I.    The Central District of California is a Court in Which This Action Could Have Been Brought.

This case "might have been brought" in the CDCA, because the CDCA would have had subject matter jurisdiction and personal jurisdiction, and venue would have been proper. *Hoffman v. Blaski,* 363 U.S. 335, 343-44 (1960). The CDCA would have subject matter jurisdiction over the action because the complaint sets forth claims for patent infringement under Title 35 of the United States Code. Defendants are subject to personal jurisdiction in the CDCA because all Defendants have engaged in systematic and continuous business in California, and because the accused products are sold in California. *Regents* Dkt. 122: Holthuizen Decl. ¶5.

Venue would be proper in the CDCA pursuant to 28 U.S.C. §1400(b), which controls venue in patent infringement actions. *Johnston and Ramsey v. IVAX Corp.,* No. 86-1884-MA, 1987 U.S. DIST. LEXIS 1277, at *1 (D. Mass. Feb. 10, 1987). Section 1400(b) provides that "Any civil action for patent infringement may be brought in the judicial district where the

703057423

defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  28 U.S.C. §1400(b).  Venue is also proper as to Defendants who have sold the accused products in the CDCA, including to the defendants in the Regents case.

## II.     This Case Should Be Transferred for Convenience of the Parties and in the Interest of Justice.

### A.     Plaintiffs' Choice of Forum is Not Entitled to Deference.

In patent infringement actions, a plaintiff's chosen forum is accorded only limited deference where 1) the central facts of the lawsuit occurred outside the forum state; or 2) the plaintiff's choice of forum is not its home.  *Saint-Gobain Clamar, Inc. v. Nat'l Products Corp.,* 230 F. Supp. 2d 655, 659-660 (E.D. Pa. 2002).  The "preferred forum is the one which is the 'center of gravity' for the accused activity."  *Renzetti, Inc. v. D.H. Thompson, Inc.,* No. 96-CV-8520, 1997 U.S. Dist. LEXIS 6121, at *9 (E.D. Pa. May 1, 1997); *see S.C. Johnson & Son, Inc. v. Gillette Co.,* 571 F. Supp. 1185, 1187-88 (N.D. Ill. 1983).  In determining the center of gravity or situs of the injury, courts look for the location or locations where a product is developed, tested, researched, and produced, the location where marketing and sales decisions were made, and where the infringing activity directly impacts the interests of the patentee.  *See Ricoh Co. v. Honeywell, Inc.,* 817 F. Supp. 473, 482 n.17 (D.N.J. 1993); *Body Sci. LLC v. Boston Scientific Corp.,* No. 11 C 03619, 2012 WL 718495, at *9 (N.D. Ill. Mar. 6, 2012).

Here, Plaintiffs' reasons for abandoning their home forum appear to be motivated purely by forum shopping.  Massachusetts is not the center of gravity of the accused activity, nor is it the situs of the alleged injury.  While the accused products are sold in the Commonwealth, Defendants market and sell the accused products throughout the United States and the world.

9

Ammerlaan Decl. ¶12. Further, the interests of Plaintiffs, who are based in California, are directly impacted in California by any alleged infringement.

**B.      Judicial Economy is Served by Transferring this Patent Action to California.**

Judicial economy, a key factor in §1404(a) analysis, weighs heavily in favor of transferring this action to the CDCA. *See Kleinerman,* 107 F. Supp. 2d at 126 (judicial economy favors trying all related patent issues in a single action); *U.S. Ethernet Innovations, LLC. v. Acer, Inc.,* No. 6:09-cv-448-JDL, 2010 WL 2771842, at *3 (E.D. Tex. Jul. 13, 2010) (courts "have consistently recognized the pronounced significance of judicial economy in the §1404(a) analysis in patent cases").[13] The purpose of §1404(a) "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (internal citations omitted). "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money...." *Cont'l Grain Co. v. The FBL–585,* 364 U.S. 19, 26 (1960). As a general rule, cases should be transferred to districts where related actions are pending. *TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.*, No. CV-09-01531, 2011 U.S. Dist. LEXIS 38200, at *13 (D. Ariz., Mar. 29, 2011). "[T]he existence of multiple lawsuits involving the same issues is a paramount

---

[13]     *See also  LG Electronics Inc., v. Advance Creative Computer Corp.,* 131 F. Supp. 2d 804, 814 (E.D. Va. 2001); *Catch Curve, Inc., v. Venali, Inc.,* No. CV 05-04820, 2006 U.S. Dist. LEXIS 96379, at * 9 (C.D. Cal. Feb. 27, 2006) (where three infringement actions are pending involving the same patent, judicial economy weighs heavily in favor of keeping two or more related patent actions in the same forum); *Broadcom Corp. v. Agere Sys., Inc.,* No. 03-02197, 2003 WL 21982473, at *1 (N.D. Cal. Aug. 8, 2003) (where technology is the same for all patents, having the patents before a single judge obviates the need for duplicative and time consuming tutorials); *Telecordia Techs., Inc. v. Tellabs, Inc.,* No. 09-2089, 2009 WL 5064787, at *4 (D.N.J. Dec. 16, 2009) (same); *Jackson v. Intel Corp.,* No. 2:08-cv-154, 2009 WL 749305 at *4 (E.D. Tex. Mar. 19, 2009) (transferring because judge's knowledge and experience with respect to the patent in suit could not easily be replicated in this district without substantial duplication); *ColorQuick, LLC v. Vistaprint Ltd.,* No. 6:09-cv-323, 2010 WL 5136050 at *6-8 (E.D. Tex., Jul. 22, 2010) (E.D. Tex., 2010) (judicial economy weighs against transfer where the only asserted patent-in-suit is the same because cases will likely have similar issues of claim validity, claim construction, claim scope, discovery, evidence, proceedings, and trial); *Medtronic Ave, Inc. v. Cordis Corp.,* No. 2:02-cv-073, 2003 U.S. Dist. LEXIS 26956 at *13-15 (E.D. Tex. Mar. 19, 2003) (same); *Zoltar Satellite Sys., Inc. v. LG Elec.,* 402 F. Supp. 2d 731, 735 (E.D. Tex. 2005) (favoring transfer to a court familiar with the issues in cases that involve technical subject matter).

10

consideration when determining whether a transfer is in the interest of justice." *In re Volkswagen of Am., Inc.,* 566 F.3d 1349, 1351 (Fed. Cir. 2009); The court considers the extent to which transfer may decrease the risk of inconsistent adjudication. *See also Invitrogen Corp. v. Gen. Elec. Co.,* No. 6:08-CV-112, 2009 WL 331891 at *4 (E.D. Tex. Feb. 9, 2009).

Courts find transfer particularly appropriate where, as here, the transferee district has already construed claims and issued Markman Orders on the patents-in-suit. "[T]ransfer is most appropriate where one court has extensive familiarity with the technology or the legal issues involved, a claim construction opinion has been prepared, and the cases involve the same or similar defendants with the same or similar products." *U.S. Ethernet Innovations,* 2010 WL 2771842, at *6 (internal citations omitted).[14]

Here, the CDCA has made an enormous investment of judicial resources in the matters at issue in this case. Every issue pending before the CDCA in the Regents action is also pending before this Court. The complaint asserts every claim that was asserted and construed by the CDCA in the Siemens action and every claim under consideration in the invalidity summary judgment motion now pending in the Regents case. This case will require this Court to revisit ***every claim construction and invalidity argument already evaluated by the CDCA*** in the Siemens and Regents actions. The products at issue in all three actions are similar if not

---

[14]     *See also, Zoltar Satellite Sys., Inc.* 402 F. Supp. 2d at 737 (E.D. Tex. 2005) (transferring to a district which had previously construed three of the four patents at issue, considered motions for summary judgment, and presided over a three week jury trial); *C2 Communications Technologies, Inc. v. Paetec Corp.,* No. CIV-09-314-FHS, 2009 WL 5204266 at *3 (E.D. Okla. Dec. 22, 2009) (transferring based solely on judicial economy to a district where suit had been filed on the same patent and the court had addressed validity through claim construction and a Markman Hearing); *In re Zimmer Holdings, Inc.,* 609 F.3d 1378, 1382 (Fed. Cir. 2010) (denying transfer where the infringement suits shared only one overlapping patent, accused no overlapping defendants, and involved different products that would lead to significantly different discovery, evidence, and proceedings at trial); *J2 Global Commc'ns Inc. v. Proctus IP Solutions, Inc.,* No. 6:08-cv-211, 2009 WL 440525 at *5-6 (E.D. Tex. Feb. 20, 2009) (denying transfer of four infringement cases asserting the same patent where the transferee forum had stayed the pending related cases and had not issued a claim construction ruling); *LG Elec. Inc.,* 131 F. Supp. 2d at 814 (E.D. Va. 2001) (judicial economy favored transfer to a district that previously rendered a claim construction on one of the patents at issue); *Invitrogen Corp.,* 2009 WL 331891 at *5 (judicial economy favored transfer where the transferee district was "intimately familiar" with the technology having construed three of the six patents in suit and presiding over a jury trial).

identical.  Molano Decl. ¶7.[15]  Thus, if the action is not transferred, there will be a substantial

risk of inconsistent adjudication, in addition to the certain waste of judicial resources.

### C.        Convenience Factors do not Favor Maintaining this Action in Massachusetts.

Section 1404(a) also requires the court to consider the convenience of the parties and the

location of witnesses, documents, and other sources of proof.  *Kleinerman,* 107 F. Supp. 2d at

125; *Holmes Group*, 249 F. Supp. 2d at 17.  Where some witnesses are located in the transferee

forum while others are located outside the United States, this factor is neutral as to whether

transfer is appropriate.  *Body Sci. LLC*, 2012 WL 718495 at *12.

Here, convenience favors transfer to Plaintiffs' home forum, the CDCA.  Plaintiffs are

domiciled and incorporated in California and have their principal places of business there.  Dkt.

#1 ¶¶2-4.  Dr. Aaron Filler, the lead inventor of the '360 patent, is located in California.  *Siemens*

Dkt. #46, 29:4.   Because of the substantial overlap between this action and the Regents action,

Plaintiffs will need to produce the same sources of proof in both actions, so convenience is

favored by requiring production in only one forum.

The convenience factors are largely neutral as to Philips, whose documents and witnesses

are located primarily in the Netherlands.  Ammerlaan Decl. ¶¶10, 14-15.  While two of the

accused Philips entities are headquartered in this district, those entities do not control the

information relevant to adjudication of this action.  *Id.* at *¶¶*13-15.  Those entities have no

responsibility for research, development, or manufacture of the accused products.   *Id.* at ¶¶13.

As a result, there are no relevant Massachusetts witnesses or documents.  *See Id.* at ¶¶13-15.

PENAC, one of the two accused Massachusetts entities, has already been subpoenaed for and

produced documents in the Regents action.  Molano Decl. ¶¶8-9.  Any documents produced by

---

[15]        Declaration of Michael A. Molano In Support of Defendants' Motion to Transfer Venue filed concurrently
herewith.

703057423

PENAC in the Regents action would also be relevant in this case.  Thus, it would be convenient for Philips to produce documents in only one jurisdiction.

## CONCLUSION

Defendants respectfully request that this Court grant its motion under 28 U.S.C. §1404(a) and transfer this action to the United States District Court for the Central District of California.

## REQUEST FOR ORAL ARGUMENT

Defendants respectfully request that this Court permit oral argument which will assist the Court in resolving this motion.

13

Dated: August 31, 2012

By: /s/ _____
     Michael A. Molano (*Pro Hac Vice*)
     Mayer Brown LLP
     Two Palo Alto Square, Suite 300
     3000 El Camino Real,
     Palo Alto, CA 94306-2112
     Telephone:    (650) 331-2000
     Facsimile:(650) 331-2060

     Claire Laporte (BBO#554979)
     Jeremy Evans (BBO# 661048)
     FOLEY HOAG LLP
     Seaport World Trade Center West
     155 Seaport Boulevard
     Boston, MA 02210-2600
     Telephone:  (617) 832-1210
     Facsimile:   (617) 832-7000

    Attorneys for Defendants, PHILIPS
     ELECTRONICS NORTH AMERICA
     CORPORATION, a Delaware Corporation;
     INVIVO CORPORATION, a Delaware
     corporation; PHILIPS MEDICAL
     SYSTEMS NEDERLAND B.V. a Dutch
     corporation; KONINKLIJKE PHILIPS
     ELECTRONICS N.V.,  a Dutch corporation
     and PHILIPS HEALTHCARE
     INFORMATICS, INC., a Delaware
     corporation

**CERTIFICATE OF SERVICE**

I, Michael A. Molano, hereby certify that this document and the documents filed concurrently herewith, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non-registered participants on the date of filing.


Date:   August 31, 2012                                    /s/ _____
                                                           Michael A. Molano

703057423