# Exhibit D

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts

| | |
|---|---|
| NEUROGRAFIX, ET AL. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No.  2:11-cv-07591-MRP-RZ |
| The Regents of the University of California ) | |
|  ) | (If the action is pending in another district, state where: |
| *Defendant* ) | Central District of California  ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Philips Electronics North America Corporation d/b/a Philips Medical Systems North America
     300 Minuteman Road, Andover, MA 01810

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: David S. Godkin, Esq.<br>Birnbaum & Godkin, LLP<br>280 Summer Street, Boston, MA 02210 | Date and Time:<br>08/03/2012 12:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ___07/17/2012___

                    *CLERK OF COURT*                              OR       /s/ signature

                *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  ___NeuroGrafix, et al___
_____, who issues or requests this subpoena, are:

Andrew D. Weiss
RUSS AUGUST & KABAT, 12424 Wilshire Blvd., 12th Floor, Los Angeles, CA 90025
aweiss@raklaw.com

## INSTRUCTIONS

The following instructions are incorporated in "Schedule A" below.

1. With respect to any document that you withhold on a claim of privilege, provide a statement, signed by one of your attorneys, setting forth as to each such document:

   (a) The name(s) of the sender(s) and the author(s) of the document;

   (b) The name(s) of the person(s) to whom the original or copies were sent;

   (c) The date of the document;

   (d) The date on which the document was received by those having possession of it;

   (e) The statute, rule or decision which is claimed to give rise to the privilege; and

   (f) A summary of the contents of the document without disclosing the matter that you claim is privileged.

2. Whenever an objection is asserted to a particular request or portion thereof, please produce all responsive documents or parts thereof that are not subject to such objection. Similarly, wherever a document is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of your knowledge, information and belief and with as much particularity as possible, those portions of the document which are not produced.

3. Please produce documents in such a manner as will facilitate their identification with the particular request or category of requests to which they are responsive. Specifically, produce documents in the same form, and in the same order that they existed prior to production; the documents are to be produced in the boxes, file, folders, or other containers in which the documents were found, and the titles, labels, or other descriptions of the documents are to be left intact.

    4.    Pursuant to Rule 34(b)(1)(C) of the Federal Rules of Civil Procedure, Bright Response requests that documents be produced in the following formats:

    (a)    Excel documents should be produced in native format; and

    (b)    All other documents should be produced in electronic format (i.e. .pdf or TIFF), including the necessary load files with information including original file names, original file locations and extracted text (or OCR text if the extracted text is unavailable).

## DEFINITIONS

The following definitions are incorporated in "Schedule A" below.

    1.    The term "document" includes "originals" and duplicates and has the same meaning as the term "writings and recordings" and "photographs" as defined in Rules 1001(1) and (2) of the Federal Rules of Evidence, whether or not claimed to be privileged against discovery on any ground, and specifically including, but not limited to, correspondence, agreements, and communications; dealer, customer, inter-company and intra-company communications; studies, surveys, reports, analyses or projections; announcements, declarations, notices, releases and publicity; telegrams; notes and memoranda; summaries; minutes and records of telephone conversations, meetings and conferences including lists of Persons attending meetings or conferences; summaries and records of personal conversations or interviews; financial records including bills, receipts, ledgers, invoices, bank statements and canceled checks; books, manuals, and publications; telexes or cables prepared, drafted, received or sent; calendars or diaries; charts, plans, sketches and drawings; photographs, reports, and/or summaries of investigations and/or surveys; opinions, notes and reports of consultants; opinions of counsel; reports and summaries of negotiations; any other reports or summaries; agreements, contracts, memoranda of understanding, letters of intent, licenses and assignments; brochures, pamphlets, catalogs, catalog sheets, advertisements (including promotional materials), fliers, announcements, posters, signs, story boards, and scripts;

audio and video recordings of radio and television commercials; circulars and trade letters; information contained in any computer tape, card, disc or program; and any other paper, writing or physical thing which contains the requested information. Any documents that contains any comment, notation, addiction, deletion, insertion or marking of any kind, which is not part of another document, is to be considered a separate documents.

2. "Communication" includes without limitation, communications by whatever means transmitted (i.e., whether oral, written, electronic, or other methods used), as well as any note, memorandum, correspondence or other record.

3. The term "patent-in-suit" means United States Patent No. 5,560,360.

4. The terms "you" or "your" means Philips Electronics North America Corporation d/b/a Philips Medical Systems North America and any of its present and former agents, officers, directors, employees, affiliates, investigators, trustees, consultants, advisors, accountants, attorneys and all other persons or entities acting or purporting to act on its behalf.

5. The term "Plaintiffs" means NeuroGrafix, Neurography Institute Medical Associates, Inc., Image-Based Surgicenter Corporation and Washington Research Foundation and their officers, executives, employees, agents, attorneys, representatives, or other persons acting or purporting to act on their behalf.

6. The term "The Regents" means The Regents of the University of California and its officers, executives, employees, agents, attorneys, representatives, or other persons acting or purporting to act on their behalf.

7. The term "diffusion tensor imaging" means diffusion tensor imaging, high-angular-resolution diffusion imaging (also known as HARDI), Q-ball diffusion anisotropic imaging and tractography.

8. The term "Accused Hardware" refers to the magnetic resonance hardware products you have sold (or leased or rented) to The Regents and that can be used to

perform diffusion tensor imaging. This term also includes all associated workstations and the upgrade packages required for your MRI machines to perform diffusion tensor imaging that you sold (or leased or rented) to The Regents.

9. The term "Accused Software" refers to the magnetic resonance-related software products you have sold (or licensed) to The Regents and that are capable of performing diffusion tensor imaging. This term also includes any upgrade software packages necessary to upgrade existing MRI scanner to perform diffusion tensor imaging that you sold (or licensed) to The Regents.

## SCHEDULE A
## DOCUMENT REQUESTS

### REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to show the characteristics, operation and/or functionality of the Accused Hardware, including the hardware's ability to perform diffusion tensor imaging.

### REQUEST FOR PRODUCTION NO. 2:

Documents related to the Accused Hardware, including manuals, specifications, user guides or other documentation for the Accused Hardware.

### REQUEST FOR PRODUCTION NO. 3:

Documents related to the Accused Software, including manuals, specifications, user guides or other documentation for the Accused Software.

### REQUEST FOR PRODUCTION NO. 4:

Documents sufficient to show the design, structure, flow, features, characteristics, visual displays, operation and/or functionality of the Accused Software, including pseudo-source code, source code documentation, planning documents and revision logs.

### REQUEST FOR PRODUCTION NO. 5:

Source code for the Accused Software.

5

**REQUEST FOR PRODUCTION NO. 6:**

Documents related to marketing, training materials and articles related to the Accused Hardware and Accused Software, including but not limited to documents related using the Accused Hardware and Accused Software for diffusion tensor imaging.

**REQUEST FOR PRODUCTION NO. 7:**

Documents related to any communications with The Regents (or its representatives), General Electric Company (or its representatives), Siemens Aktiengesellschaft (or its representatives) or Siemens Medical Solutions USA, Inc. (or its representatives) regarding Plaintiffs, Dr. Aaron G. Filler, '360 patent, the instant litigation or any of the Plaintiffs.

RUSS, AUGUST & KABAT

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** was served via Certified Mail as follows:

Philips Electronics North America Corporation
d/b/a Philips Medical Systems North America
3000 Minuteman Road
Andover, MA 01810

Executed on July 17, 2012 at Los Angeles, California.

Mireya Ballesteros




RECD JUL 23 2012





**RUSS AUGUST & KABAT** LAWYERS
12424 Wilshire Boulevard
12th Floor
Los Angeles, California 90025

Philips Electronics North America Corp
3000 Minuteman Road
Andover, MA 01810

**Return Receipt Requested**