UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEUROGRAFIX; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC.; and IMAGE-BASED SURGICENTER CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> PHILIPS ELECTRONICS NORTH AMERICA CORPORATION d/b/a PHILIPS MEDICAL SYSTEMS NORTH AMERICA; INVIVO CORPORATION; PHILIPS MEDICAL SYSTEMS NEDERLAND, B.V.; KONINKLIJKE PHILIPS ELECTRONICS N.V.; AND PHILIPS HEALTHCARE INFORMATICS, INC. <br><br> Defendants | CIVIL ACTION No. 12-11065-RGS |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE**

Table of Contents

**Page**

I.   INTRODUCTION: PLAINTIFFS' CHOICE OF FORUM AND THE
     INTERESTS OF JUSTICE WEIGH AGAINST TRANSFER. ....................... 1

II.  RELEVANT BACKGROUND AND FACTS: THE NATURE OF
     THE CASE, PARTIES, WITNESSES, AND STAGE OF
     PROCEEDINGS DICTATES THAT THE CASE REMAIN IN
     MASSACHUSETTS. ..................................................................................... 2

     A.   Nature Of The Case. ...................................................................................... 2

     B.   None Of Defendants' Documents Or Witnesses Are Located In The CDCA And
          Two Of The Defendants Are Headquartered In The Commonwealth. ................... 2

     C.   Other Than California, Plaintiffs Have Other Cases Pending In The
          Commonwealth As Well As Maryland, Illinois And The Court Of Federal Claims.
          ................................................................................................................................. 3

III. ARGUMENT:  WHEN PROPERLY CONSIDERED, THE FACTS
     AND LAW MANDATE THE DENIAL OF DEFENDANTS'
     ATTEMPT TO TRANSFER THIS CASE TO THE LESS
     CONVENIENT FORUM DEFENDANTS PREFER IN THE CDCA. .......... 4

     A.   As An Initial Matter, There Is A Strong Presumption That Plaintiffs' Choice Of
          This Forum Is Appropriate ..................................................................................... 5

     B.   Transfer Is Not Justified Based On the Convenience of Witnesses or Location of
          Documents. ............................................................................................................... 6

          1.   None Of Defendants' Documents Or Witnesses Are Located In The
               CDCA While Two Of The Defendants Are Headquartered In The
               Commonwealth. ........................................................................................... 6

          2.   A Substantial Number of Party and Third-Party Documents And
               Witnesses Are Located Outside Of The CDCA. ........................................ 8

          3.   The Remaining Defendants Are European Entities Who Are Considerably
               Closer To Massachusetts Than To California. ............................................ 9

     C.   The Interests of Justice Also Mandate That The Case Stay Here Because It Is Just
          As Efficient To Keep The Case Here As It Is To Transfer The Case To CDCA.  10

IV.  IF THE COURT IS INCLINED TO GRANT DEFENDANTS'
     MOTION, PLAINTIFFS REQUEST JURISDICTIONAL
     DISCOVERY. ............................................................................................ 12

V.   CONCLUSION AND REQUEST FOR ORAL ARGUMENT. ................... 13

**Table of Authorities**

**Cases**

*Apple Inc. v. High Tech Computer Corp.*,
  C.A. No. 10-166-GMS, 2011 U.S. Dist. LEXIS 4022, *8 (D. Del. Jan. 14, 2011) ................. 10

*Astro-Med, Inc. v. Nihon Kohden Am., Inc.*
  591 F.3d 1, 12 (1st Cir. 2009).................................................................................... 5

*Atari v. United Parcel Service, Inc.*
  211 F. Supp. 2d 360 (D. Mass. 2002) ......................................................................... 7

*Bower v. Bower*
  2011 U.S. Dist. LEXIS 35437 at * 16 (D. Mass. March 14, 2011) ....................... 4, 7

*Coady v. Ashcraft & Gerel*
  223 F.3d 1, 11 (1st Cir. 2000).................................................................................... 5

*In re Link_A_Media Devices Corp.*,
  662 F.3d 1221 (Fed. Cir. 2011)................................................................................. 10

*IpVenture, Inc. v. Acer, Inc.*
  2012 U.S. Dist. LEXIS 102446 at *15-16 (D. Del. July 24, 2012) ........................ 10

*Mallilnckrodt Inc. v. E-Z-EM, Inc.*
  670 F. Supp. 2d 349 (D. Del. 2009)............................................................................ 5

*Norwood v. Kirpatrick*
  349 U.S. 29 (1955).................................................................................................... 5

*Nowak v. Tak How Investments, Ltd.*
  94 F.3d 708 (1st Cir. 1996)................................................................................. 4, 5

*Ricoh Co. v. Honeywell, Inc.*
  817 F. Supp. 473 (D.N.J. 1993) ................................................................................. 5

*U.S. Ex Rel. Ondis v. City of Woonsocket, R.I.*
  480 F. Supp. 2d 434 (D. Mass. 2007) ........................................................................ 6

**Other Authorities**

28 U.S.C.A. §1404(a) ..................................................................................................... 7

## I.  INTRODUCTION: PLAINTIFFS' CHOICE OF FORUM AND THE INTERESTS OF JUSTICE WEIGH AGAINST TRANSFER.

Defendants'[1] Motion, which requests that the Court transfer this case to the Central District of California ("CDCA") on *forum non conveniens* grounds, is unique. For one thing, Defendants do not assert that the CDCA is a more convenient forum for Defendants. Indeed, the CDCA is actually <u>less</u> convenient because two of the Defendants are headquartered in the Commonwealth of Massachusetts (the "Commonwealth") and the other Defendants are headquartered in Florida or outside of the United States entirely. Defendants also do not argue that the CDCA is meaningfully more convenient for any identified third party witnesses. Instead, Defendants' primary grounds for transfer is that NeuroGrafix has former and pending cases in the CDCA. Defendants' "efficiency" argument ignores important facts, such as the fact that Plaintiffs have four other actions currently pending in this District brought against local Commonwealth-based defendants that cannot be transferred to the CDCA.  Thus, there is no efficiency because the Court will still have to decide the same issues in the co-pending cases, regardless of whether this individual matter is transferred or not.[2] Given these facts, Defendants have failed to meet their burden of showing that it is either "judicially efficient" to transfer the case or that it would constitute "serious unfairness" to allow this case to remain in this Court.

The lack of reference to the standard measures of convenience in Defendants' Motion makes the purpose of the Motion apparent: Defendants believe that the CDCA is a more favorable district for them than is this Court. Although Defendants repeatedly accuse Plaintiffs of "forum" and "judge" shopping by filing this case in the home jurisdiction of many of the Defendants, Defendants' Motion reveals just the opposite.  It is clear that Defendants believe that the CDCA is a more favorable venue and, for that reason alone, Defendants place their own

---

[1] "Defendants" refers to Philips Electronics North America Corporation d/b/a Philips Medical Systems North America, Invivo Corporation, Philips Medical Systems Nederland B.V., Koninklijke Philips Electronics N.V. and Philips Healthcare Informatics, Inc.

[2] On September 25, 2012, the parties in the other cases in this District moved to transfer the other pending cases to this Court. See NeuroGrafix, et al. v. Beth Israel Deaconess Medical Center, Inc., et al., Case No. 1:12-cv-11274-DPW, Dkt. No. 24; NeuroGrafix, et al. v.  The Brigham and Women's Hospital Inc., et al., Case No. 1:12-cv-11275-PBS, Dkt. No. 19; NeuroGrafix, et al. v. Trustees of Boston University, et al., Case No.  1:12-cv-11276-GAO, Dkt. No. 21; and NeuroGrafix, et al. v. Trustees of Tufts College, et al., Case No. 1:12-CV-11277-MLW, Dkt No. 20.

interests above all others and request that the Court transfer this case to the CDCA. When all of the relevant facts are considered and properly weighed as required by the controlling law, Defendants are not entitled to transfer on the basis of *forum non conveniens* and the Court should deny Defendants' Motion.

## II.    RELEVANT BACKGROUND AND FACTS: THE NATURE OF THE CASE, PARTIES, WITNESSES, AND STAGE OF PROCEEDINGS DICTATE THAT THE CASE REMAIN IN MASSACHUSETTS.

### A.    Nature Of The Case.

Defendants are part of one of the biggest electronics corporations in the world. Philips, N.V. employs more than 122,000 people across more than 60 countries. Philips Healthcare is headquartered in Andover Massachusetts, and also has manufacturing operations there. *See* Godkin Decl., Ex. 1 thereto (referencing http://en.wikipedia.org/wiki/Philips). Plaintiffs have sued Defendants because Defendants at least make, sell and use MRI products, software and services that perform, among other things, peripheral nerve MR Neurography, diffusion anisotropic imaging (including DTI, HARDI and Q-Ball) and diffusion anisotropy based tractography. The equipment involved includes the Philips Achieva 3.0T and Defendants' numerous other MRI machines and related workstations and software. D.I. 1 at ¶ 21. As set forth in the Complaint, these products, services and software, which are sold and used across the country, have incorporated and use features that infringe on the technology covered by United States Patent No. 5,560,360 (the "'360 Patent'"). *Id.* at ¶ 1.

### B.    None Of Defendants' Documents Or Witnesses Are Located In The CDCA And Two Of The Defendants Are Headquartered In The Commonwealth.

Aside from selling accused products in California, Defendants have no connection to California. Three of the named defendants are based in the United States. Two of the Defendants are headquartered and have their principal places of business in Andover, Massachusetts. *Id.* at ¶¶ 5 and 9. Those two parties are Defendants Philips Electronics North America Corporation ("PENAC") and Philips Healthcare Informatics, Inc. ("Philips Healthcare"). There is also evidence to suggest that Philips Healthcare has manufacturing operations in Andover. *See* Godkin Decl. at Ex. 1. Although those two entities are incorporated in Delaware, there is no

dispute that their "nerve center" is in this District. PENAC is headquartered at 3000 Minuteman Road, Andover, MA. Philips Healthcare is located at the same address and has its registered agent for service of process in Boston, MA. D.I. 1 at ¶ 9. The third U.S.-based Defendant is located in Florida. *Id.,* at ¶ 6. The remaining Defendants are Dutch corporations, with their primary places of business in the Netherlands. *Id.,* at ¶¶ 7-8.

None of Defendants' witnesses or documents are located in California. On information and belief, Plaintiffs believe that at least some relevant documents, such as those related to marketing and sales of Defendants' accused products, are located in this District. Regardless, according to Defendants' own declaration, Defendants' likely relevant documents and knowledgeable witnesses are located in New York, Wisconsin, Florida, Ohio, Washington and worldwide.

### C.   Other Than California, Plaintiffs Have Other Cases Pending In The Commonwealth As Well As Maryland, Illinois And The Court Of Federal Claims.

In addition to the California actions emphasized by Defendants, Plaintiffs have a number of other cases, all of which are pending outside of California, and four of which are pending in the Commonwealth.  The cases currently pending in the Commonwealth are:

- *NeuroGrafix et al. v. Beth Israel Deaconess Medical Center, Inc.*, Civil Action No. 12-11274-DPW (D. Mass.)

- *NeuroGrafix et al. v. The Brigham and Women's Hospital, Inc.*, Civil Action No. 12-11275-PBS (D. Mass.)

- *NeuroGrafix et al. v. Trustees of Boston University*, Civil Action No. 1:12-cv-11276-GAO (D. Mass.)

- *NeuroGrafix et al. v. Trustees of Tufts Collection*, Civil Action No. 12-11277-MLW (D. Mass.)

The parties in the other cases in the Commonwealth filed motions on September 25, 2012 seeking to transfer the cases to this Court.  Godkin Decl. at Ex. 4.  Plaintiffs also have cases pending in Maryland, Illinois and the Court of Federal Claims.  Godkin Decl. at Ex. 2.  In all of

these cases, the defendants being sued are entities local to their districts and Plaintiffs believe that the CDCA does not have jurisdiction over the entities because they have not committed acts of infringement in the CDCA.  Further, none of the defendants in the other pending cases have moved to transfer their cases.

### III.   ARGUMENT:  WHEN PROPERLY CONSIDERED, THE FACTS AND LAW MANDATE THE DENIAL OF DEFENDANTS' ATTEMPT TO TRANSFER THIS CASE TO THE LESS CONVENIENT FORUM DEFENDANTS PREFER IN THE CDCA.

Defendants' Motion should be denied because Defendants have not met their burden of showing that transfer is warranted. The First Circuit holds that "plaintiff's choice of a forum will be disturbed only rarely" and that the doctrine of *forum non conveniens* will only be used to avoid "serious unfairness." *Nowak v. Tak How Investments, Ltd.,* 94 F.3d 708, 719 (1st Cir. 1996). When deciding a motion based on the doctrine of *forum non conveniens*,[3] the Court must weigh a number of private interest factors that include "relative ease of access to sources of proof, availability of compulsory process, comparative trial costs, ability to enforce a judgment, 'and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Id.* The Court must also weigh a number of public interest factors: "the practical difficulties of unnecessarily imposing upon a busy court the obligation to hear a case more fairly adjudicated elsewhere, the imposition on jurors called to hear a case that has no relation to their community, and the familiarity of the court with applicable laws."  *Id.* at 719-20.  The public interest factors also consider whether, under the "interests of justice," it is more efficient to adjudicate the case in the new district. *See Bower v. Bower,* 2011 U.S. Dist. LEXIS 35437 at * 16 (D. Mass. March 14, 2011).

It is Defendants' burden to show that the requested transfer avoids "serious unfairness" and that "considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum." *Nowak,* 94 F.3d at 719. In weighing the private and public interest factors, "Section 1404(a) is intended to place discretion in the district court to adjudicate motions

---

[3] NeuroGrafix does not dispute the threshold issue that this case could have been filed against Defendants in CDCA. NeuroGrafix notes, however, that the other cases currently pending outside of the CDCA, including the four other cases currently pending in the Commonwealth, likely do not meet this threshold query.

for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Astro-Med, Inc. v. Nihon Kohden Am., Inc.,* 591 F.3d 1, 12 (1st Cir. 2009).

### A.   As An Initial Matter, There Is A Strong Presumption That Plaintiffs' Choice Of This Forum Is Appropriate

Courts within the First Circuit, including this one, are highly protective of a plaintiff's choice of forum. In this Circuit, the analysis begins with the principle that, "there is a strong presumption in favor of the plaintiff's forum choice." *Nowak, supra,* 94 F.3d at 719; *Coady v. Ashcraft & Gerel,* 223 F.3d 1, 11 (1st Cir. 2000) (plaintiffs choice of forum typically weighs strongly against transfer). The reason for the First Circuit's analysis is that the plaintiff, as the injured party, generally has been "accorded [the] privilege of bringing an action where he chooses." *Norwood v. Kirpatrick,* 349 U.S. 29, 31 (1955).

Defendants try to downplay the strong presumption applied in the First Circuit by arguing that the Commonwealth is not Plaintiffs' home state and that the Commonwealth is not the "center of gravity" of the case. Defendants, however, fail to cite a single case within this District or the First Circuit to support their argument. Furthermore, while this District may not be Plaintiffs' home district, it is the home district to at least two of the Defendants, which are undeniably subject to suit here.  *See, e.g., Mallinckrodt Inc. v. E-Z-EM, Inc.*, 670 F. Supp. 2d 349, 357 (D. Del. 2009) (while not a First Circuit case, this case clarifies that when a corporation chooses to accept the benefits of incorporation in a district, it cannot complain once another corporation brings suit against it in the same district).

Defendants' "center of gravity" argument emphasizes the impropriety of its Motion.  In *Ricoh Co. v. Honeywell, Inc.,* 817 F. Supp. 473 (D.N.J. 1993), one of the cases relied on by Defendants, the New Jersey district court stated that the "preferred forum" is the place the infringing products are produced. *Id.* at 482 n.17. Here, according to Defendants' own declarants, the infringing products are not produced in California and are instead produced (at least in part) much closer to this District, in New York.  D.I. 20, at ¶¶10-11.  Furthermore, Plaintiffs allege that, in addition to direct infringement, Defendants also indirectly infringe the patent-in-suit by inducing others to practice the claimed method. Plaintiffs have sued a number of the parties that

Plaintiffs believe Defendants have induced to infringe in the Commonwealth, including the local entities named in *NeuroGrafix v. Trustees of Boston University*, Civil Action No. 12-11276-GAO. Thus, for the indirect infringement allegations at the least, the Commonwealth is in fact a "center of gravity" of infringement.

> **B.  Transfer Is Not Justified Based On the Convenience of Witnesses or Location of Documents.**

The location of third parties witnesses and relevant documents they possess is particularly important in determining a motion to transfer. *See U.S. Ex Rel. Ondis v. City of Woonsocket, R.I.*, 480 F. Supp. 2d 434, 437 (D. Mass. 2007).

> **1.  None Of Defendants' Documents Or Witnesses Are Located In The CDCA While Two Of The Defendants Are Headquartered In The Commonwealth.**

As described above, aside from selling accused products in California, Defendants have no connection to California. On the other hand, two of the three named U.S. defendants (PENAC and Philips Healthcare) are headquartered and have their principal places of business in Andover, Massachusetts. D.I. 1 at ¶¶ 5 and 9. There is also evidence to suggest that Philips Healthcare has manufacturing operations in Andover. *See* Godkin Decl. Ex. 1. The other U.S.-based entity is located in Florida, which is closer to this District than to CDCA. The remaining Defendants are Dutch corporations, with their primary places of business in the Netherlands. Under these circumstances, where the facts of the case demonstrate material connections to the forum state, as here, the decision to sue in the Commonwealth is given significant weight. *Cf. US. Ex rel Ondis v. City of Woonsocket, R.I., supra*, 480 F. Supp. 2d at 436 (finding choice of forum state is entitled to less weight where there is no material connection with the district).

Furthermore, Defendants have not asserted that any of their relevant witness or documents are located in California.[4] Based on the fact that PENAC and Philips Healthcare are

---

[4] Defendants refer to the fact that they produced documents in one of the currently pending CACD cases as support that this case should be transferred to the CACD. This evidence actually weighs against transfer. Although Defendants claim that this District is unconnected to the accused products and services, the subpoena that was issued by Plaintiffs was issued out of this District. *See NeuroGrafix, et al. v. The Regents of the University of California,* Case No. 2:11-cv-07591, Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, issued in the District of Massachusetts, July 17, 2012 to Philips Electronics North America. Philips Electronics did not object to the subpoena as being issued out of the wrong jurisdiction. *See NeuroGrafix, et al. v. The Regents of the University of California,* Case No. 2:11-cv-07591, Philips Electronics

headquartered in this District, Plaintiffs believe that at least some relevant documents, such as those related to marketing and sales of Defendants' accused products, are located in this District. Regardless, according to Defendants' own declarant, Defendants' key documents and likely knowledgeable witnesses are located in New York, Wisconsin, Florida, Ohio, Washington and worldwide.  D.I. 21 at ¶¶ 10-11.  Defendants' argument should also fail because of what is not said in its Motion and supporting declarations. For example, Plaintiffs accuse not only Defendants' hardware (MRI machines) of infringing, but also the software developed, sold and used by Defendants.  Defendants' Motion and supporting declarations contain no evidence as to where likely knowledgeable witnesses and documents related to its software are located. Once again, Defendants have not satisfied their burden of proof. *Atari v. United Parcel Service, Inc.,* 211 F. Supp. 2d 360, 362 (D. Mass. 2002) ("a party seeking transfer must…specify the key witnesses to be called, accompanied by a general statement of what their testimony will entail").

### 2.     A Substantial Number of Party and Third-Party Documents And Witnesses Are Located Outside Of The CDCA.

Defendants are correct in asserting that Plaintiffs are headquartered in the CDCA and that Plaintiffs' documents and employees, including the lead inventor of the patent-in-suit, are located in California. However, the majority of third party documents and witnesses appear to exist outside of the CDCA. Under Commonwealth law, "the convenience of the witnesses is probably the most important factor, and the factor most frequently mentioned, in passing, on a motion to transfer under 28 U.S.C.A. §1404(a)" *Bower*, 2011 U.S. Dist. LEXIS 35437, at *22. By this measurement, Defendants cannot carry their burden of proof.

This Court has subpoena power over some of the third parties likely to have relevant information for this litigation.  In particular, Plaintiffs believe that at least the Boston University entities uses Defendants' products and therefore discovery will be necessary from the local entities to prove Plaintiffs' indirect infringement allegations.  Additionally:

- The third-party owner of the patent is the University of Washington in Washington State;

---

North America's response to Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, in the District of Massachusetts, dated August 3, 2012.

- Witnesses related to research and development exist in Best, The Netherlands; Cleveland, Ohio; Latham, New York; Pewaukee, Wisconsin; Gainsville, Florida; and in China. D.I. 19 at 3.

- Sales are conducted through Philips' Global Sales and Service Organization in Bothell, Washington. *Id.*

- Administrative staff is located in Andover, Massachusetts. *Id.*

- Some manufacturing may be done in this District. Godkin Decl. at Ex. A.

- One of the third-party inventors of the patent-in-suit is located in England. Another is located in Washington.

- The patent prosecutor of the patent-in-suit is located in Washington.

Although Defendants try to make a case for transfer to the CDCA based almost exclusively on two cases pending before Judge Pfaelzer, witnesses, including third-party witnesses identified above, are in any number of locations outside of California. Accordingly, Defendants have not carried their burden of proof to establish that the case is better and more efficiently adjudicated in California, and the case should therefore remain here.

### 3.  The Remaining Defendants Are European Entities Who Are Considerably Closer To Massachusetts Than To California.

As far as the other Defendants are concerned, Defendant Koninklijke Philips Electronics N.V. ("Royal Philips") is a Dutch corporation with its principal place of business in the Netherlands. Defendant Medical Systems Nederland B.V. ("Philips Medical") is similarly a Dutch corporation with its principal place of business in the Netherlands. The remaining Defendant Invivo Corporation ("Invivo)" is a Delaware corporation that is headquartered in Gainesville, Florida.

Interestingly, as if to underscore their own judge shopping, Defendants make no argument that the matter should be moved to Florida, despite defendant Invivo being located in Gainesville. As set forth in the moving papers, Defendants admit that their products are made virtually worldwide. D.I 19 at 3. They point out that the magnetic resonance imaging (MRI) equipment has been researched, developed and sold by business units in a city called Best in the Netherlands and other research went on in Ohio, New York, Wisconsin, Florida and even in China. *Id.* In an effort to distance themselves from Massachusetts, they argue that really nothing much happens here and certainly none of the manufacturing (despite apparently having

manufacturing operations in Andover). However, they do not dispute that many portions of Philips MRI Unit "report to their ultimate parent, Royal Philips, through Massachusetts entities" by what they characterize as a "small administrative staff." *Id.*

Given the above facts, even according to Defendants' logic, this action could have been brought in any number of jurisdictions across the country. The witnesses, including third party witnesses, discussed above, are located in various states outside either Massachusetts or California, and this factor therefore does not automatically favor California venue. The venue that makes the most sense, given that the greatest number of U.S.-based defendants and documents are located here, is this one. Overall, given the strong connections to this District, the availability of witnesses to testify here both in this and the companion cases, bringing (and keeping) this case here hardly constitutes game playing or forum shopping on the part of the Plaintiffs.

### C.   The Interests of Justice Also Mandate That The Case Stay Here Because It Is Just As Efficient To Keep The Case Here As It Is To Transfer The Case To CDCA.

Although Defendants choose to ignore the facts, Plaintiffs have a number of cases pending outside of California, four of which (other than this case) are pending in the Commonwealth.  The cases currently pending in the Commonwealth are:

* *NeuroGrafix, et al., v. Beth Israel Deaconess Medical Center, Inc., et al.*, Case No. 1:12-cv-11274-DPW;

* *NeuroGrafix, et al. v. The Brigham and Women's Hospital, Inc., et al.*, Case No. 1:12-cv-11275-PBS;

* *NeuroGrafix, et al., v. Trustees of Boston University, et al.*, Case No. 1:12-cv-11276-GAO; and,

* *NeuroGrafix, et al. v. Trustees of Tufts College, et al.*, Case No. 1:12-cv-11277-MLW.

None of the defendants in the other Commonwealth cases have moved to transfer.  As a result, regardless of whether this case is transferred, the District (and perhaps this Court) will be litigating this action, including conducting claim construction, infringement and validity analyses.

The existence of other pending cases in this very district, addressing the same issues, presents a compelling reason to keep the case here because those issues will have to be decided regardless of a potential transfer. In other words, transferring the case to California will not create any judicial efficiency at all. In *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1224 (Fed. Cir. 2011), the Federal Circuit explained that it "consider[s] a district court's concurrent litigation involving the same patent to be a relevant consideration, if the court's experience was not tenuous and the cases were co-pending." While the fact that the cases here are relatively new, the fact that the court will gain knowledge of the patent at issue, both through this case and the other pending cases, is also a factor. *See IpVenture, Inc. v. Acer, Inc.,* 2012 U.S. Dist. LEXIS 102446, *15-*16 (D. Del. July 24, 2012), (in which the court held that "co-pending litigation" *did* weigh against transfer). This is not a case in which the Court's experience with the patents and technology is tenuous. The Court will become familiar with them regardless of what happens to this particular case. In addition, the co-pending cases not only share the identical patent that relates to the similar accused technology, but they also share numerous common questions of fact and law, such as issues of conception and reduction to practice of the patented inventions and damages as they related to Plaintiffs and industry practices. Under similar circumstances, courts have denied transfer and concluded "it would better serve the interests of justice and the efficient use of court resources if these cases were tried in the same court." *See Apple Inc. v. High Tech Computer Corp.*, 2011 U.S. Dist. LEXIS 4022, *8 (D. Del. Jan. 14, 2011). In this case, the "same court" is this one.

Finally, Defendants' arguments in favor of its unique vision of "judicial efficiency" overlooks the fact that other litigations based on the '360 Patent are proceeding in other locations around the country. Simply transferring this case to California does not lessen the impact that any one of those cases in out-of-state jurisdictions may have on another. If Defendants were really interested in judicial efficiency, rather than judge shopping their way to Mariana Pfaelzer in the CDCA, they could always seek to coordinate the actions in some manner without seeking transfer. Accordingly, practical considerations of judicial interest weigh heavily against transfer.

**D.** **The Remaining Private And Public Factors Do Not Weigh In Favor Of Transfer.**

Defendants do not address any of the remaining private and public factors in their Motion. Plaintiffs do not believe that these ignored factors weigh either against or in favor of transfer to the CACD. The comparative trial costs and ability to enforce a judgment private interest factors are all neutral as the costs and ability to enforce are likely to be the same here as in CDCA. Similarly, Plaintiffs do not believe that the remaining public interest factors differ significantly between this District and the CDCA. As a result, the factors are neutral and do not support Defendants' Motion.

Accordingly, when all of the facts are weighed, Defendants have failed to show that they will suffer any "serious unfairness" as a result of keeping this case in this District or that there is any genuine judicial efficiency-based reason for moving it to the CDCA. Defendants' Motion should therefore be denied.

**IV.** **IF THE COURT IS INCLINED TO GRANT DEFENDANTS' MOTION, PLAINTIFFS REQUEST JURISDICTIONAL DISCOVERY.**

Should the Court, for any reason not be inclined to deny the motion out-of-hand, Plaintiffs respectfully request the opportunity to take jurisdictional discovery regarding the many admissions in the motion that suggest significant activity within the Commonwealth by Defendants.

///

///

///

///

///

///

///

///

///

## V.        CONCLUSION AND REQUEST FOR ORAL ARGUMENT.

Defendants have failed to meet their burden of proof to show that it would constitute "serious unfairness" to keep this case in this District as opposed to transferring the case to the CDCA. Defendants' desire to engage in forum and judge shopping and to place their interests above all others is not sufficient reason to transfer this case from Defendants' home district to the CDCA. For each of the reasons set forth above, and as may be amplified at oral hearing on this matter, which hearing is hereby respectfully requested, the motion to transfer should be denied.

Dated:  September 28, 2012              Respectfully submitted,

                                        PLAINTIFFS NEUROGRAFIX, NEUROGRAPHY
                                        INSTITUTE MEDICAL ASSOCIATES, INC., and
                                        IMAGE-BASED SURGICENTER CORPORATION
                                        By their attorneys,

                                        /s/ David S. Godkin_____
                                        David S. Godkin (BBO#196530)
                                        Anne Marie Longobucco (BBO#649299)
                                        Birnbaum & Godkin, LLP
                                        280 Summer Street
                                        Boston, MA  02210
                                        617-307-6100
                                        godkin@birnbaumgodkin.com
                                        longobucco@birnbaumgodkin.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing, which was filed via the Court's ECF system, will be sent electronically by the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be mailed to non-registered participants.

/s/     *David S. Godkin*
David S. Godkin

September 28, 2012