## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NEUROGRAFIX, a California corporation; NEUROGRAPHY INSTITUTE MEDICAL ASSOCIATES, INC., a California corporation; and IMAGE-BASED SURGICENTER CORPORATION, a California corporation,<br><br>       Plaintiffs-Counter Defendants,<br><br>     v.<br><br>PHILIPS ELECTRONICS NORTH AMERICA CORPORATION d/b/a PHILIPS MEDICAL SYSTEMS NORTH AMERICA, a Delaware Corporation; INVIVO CORPORATION, a Delaware corporation; PHILIPS MEDICAL SYSTEMS NEDERLAND B.V., a Dutch corporation; KONINKLIJKE PHILIPS ELECTRONICS N.V., a Dutch corporation; and PHILIPS HEALTHCARE INFORMATICS, INC., a Delaware corporation,<br><br>       Defendants-Counter Plaintiffs. | Civil Action No. 1:12-cv-11065-RGS<br><br>**JURY TRIAL DEMANDED** |

## PHILIPS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT
## PURSUANT TO FED. R. CIV. P. 12(b)(1) AND 12(b)(7)

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(7), Defendants Philips Electronics North America Corporation, Invivo Corporation, Philips Medical Systems Nederland B.V., and Philips Healthcare Informatics, Inc. (collectively, "Philips") move for dismissal of the Complaint of Plaintiffs Neurografix, Neurography Institute Medical Associates, Inc. and Image-Based Surgicenter Corporation (collectively, "Neurografix").   Specifically, Philips moves to dismiss the Complaint with prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) or, in the alternative, for failing to join a necessary party under Fed. R. Civ. P. 12(b)(7).

The Complaint should be dismissed in its entirety because Plaintiffs have failed to join a necessary and indispensable party: the owner(s) of the patent-in-suit, U.S. Patent No. 5,560,360 (the "'360 Patent").   NeuroGrafix alleges infringement of patent rights that it claims it received under an exclusive license from the Washington Research Foundation ("WRF").   However, the license that purportedly granted WRF rights to the '360 patent was superseded by a subsequent agreement *before* WRF ever granted any rights to NeuroGrafix; that is, WRF had no rights to license to NeuroGrafix.   Even if that were not the case, NeuroGrafix still lacks standing to bring this lawsuit because WRF did not grant NeuroGrafix all substantial rights in the '360 patent. Finally, Plaintiffs have so destructively divided any rights they may have in the '360 patent that none of them has the right to sue on it.   As Plaintiffs cannot state facts that would correct these standing deficiencies, the Court should dismiss the Complaint with prejudice.

WHEREFORE, Philips respectfully requests that the Court:

(a)     Dismiss the Complaint with prejudice; or, in the alternative

(b)     Limit discovery to the ownership of and other legal interests related to the '360 Patent; and

(c)     Award Philips its costs and attorneys' fees; and

1

(d)     Grant such other and further relief as the Court deems just and proper.

## REQUEST FOR ORAL ARGUMENT

Pursuant to LR 7.1(d), Philips respectfully requests that the Court schedule a hearing at its earliest convenience to address this motion.  Philips believes that oral argument will assist the Court in resolving the issues herein.

Dated: January 31, 2013

Respectfully submitted,

By: /s/ Michael A. Molano
    Michael A. Molano (*Pro Hac Vice*)
    MAYER BROWN LLP
    Two Palo Alto Square, Suite 300
    3000 El Camino Real
    Palo Alto, CA  94306-2112
    Telephone:   (650) 331-2000
    Facsimile:    (650) 331-2060

    Claire  Laporte  (BBO#554979)
    Jeremy Evans (BBO# 661048)
    FOLEY HOAG LLP
    Seaport World Trade Center West
    155 Seaport Boulevard
    Boston, MA  02210-2600
    Telephone:   (617) 832-1210
    Facsimile:    (617) 832-7000

    *Attorneys for Defendants, PHILIPS
    ELECTRONICS NORTH AMERICA
    CORPORATION, a Delaware corporation;
    INVIVO CORPORATION, a Delaware
    corporation; PHILIPS MEDICAL SYSTEMS
    NEDERLAND B.V. a Dutch corporation;
    KONINKLIJKE PHILIPS ELECTRONICS
    N.V.,  a Dutch corporation; and PHILIPS
    HEALTHCARE INFORMATICS, INC., a
    Delaware corporation.*

2

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

The undersigned hereby certifies that counsel for Philips conferred with counsel for Plaintiffs, but was unable to narrow or resolve the issues presented by this Motion.

/s/ Michael A. Molano

## CERTIFICATION OF SERVICE

I hereby certify that this Motion to Dismiss Plaintiffs' Complaint, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as unregistered participants on January 31, 2013.

/s/ Michael A. Molano